UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHERYL ANN DIXON,<br><br>　　　　　Defendant. | Case No. 1:16-cr-00036-BLW-2<br><br>**REPORT AND RECOMMENDATION** |

On June 21, 2016, Defendant Cheryl Ann Dixon appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant a Notice of Intent to Plead Guilty. (Dkt. 23.) The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by any agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government deferred to the Court's determination as to whether exceptional reasons exist in this case, but also noted that it was unaware of any violation of pretrial supervision by Defendant during the pendency of this matter. At the time of Defendant's arraignment on February 18, 2016, the government did not object to release of the Defendant with the strict conditions of pretrial supervision ordered by Magistrate Judge Ronald E. Bush. (Dkt. 15.)

During the plea hearing, Defendant's attorney made at least four arguments in support of Defendant's continued release pending imposition of sentencing. First, he explained his calculation of the guideline range for Defendant's sentence was 12 to 18 months incarceration, making certain assumptions that may or may not prove to be accurate. He argued this would be a low end sentence for a charge of conspiracy to distribute oxycodone. He also noted that the offense to which Defendant pleaded guilty did not involve any firearms or threats of violence. Second, he explained Defendant's

REPORT AND RECOMMENDATION - 2

health is declining[1] and potentially could worsen if she is in custody in county jail without pain medication for an extended period of time. Third, as related to her myriad of medications, counsel described how Defendant's medical conditions and medication regime would be more effectively managed outside the county jail environment prior to Defendant's transfer to a BOP facility to serve whatever sentence of incarceration is imposed. And last, Defendant's counsel argued that Defendant's advanced age constitutes an exceptional reason that detention pending imposition of sentencing would not be appropriate.

Upon consideration of the proffer and argument by Defendant's counsel, in addition to Defendant's cooperation with her pretrial supervisory officer and her compliance with the strict Conditions of Release (Dkt. 15) for over four months, the undersigned finds the collective circumstances in this case constitute exceptional reasons why detention (and most specifically, disruption of Defendant's medical and medication management) would not be appropriate pending imposition of sentencing. Further, the undersigned finds Defendant is unlikely to flee or impose a danger to the community if release is continued and she abides by the conditions of release. Accordingly, continued release subject to the conditions previously imposed by the Court will be recommended.

---

[1] The pretrial services report indicated Defendant suffers from a myriad of medical conditions for which she takes several medications as prescribed for those conditions; her counsel proffered that Defendant recently was diagnosed with an additional condition for which she is receiving treatment.

REPORT AND RECOMMENDATION - 3

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Cheryl Ann Dixon's plea of guilty to Count One of the Indictment (Dkt. 1); and

2) The District Court continue Defendant's release subject to the conditions set by Magistrate Judge Bush on February 18, 2016. (Dkt. 15).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 22, 2016

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE